# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

VIDALA SALCEDO,
        Appellant,

      v.

SOCIAL SECURITY
    ADMINISTRATION,
        Agency.

DOCKET NUMBER
AT-0752-18-0618-I-1

DATE: August 12, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Vidala Salcedo, Margate, Florida, pro se.

Katharine Field Connell, Atlanta, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant filed the instant appeal, alleging that her retirement was involuntary because she was subject to disparate treatment based on disability, national origin, race, and reprisal for prior activity protected under Federal anti-discrimination statutes. Initial Appeal File (IAF), Tab 1 at 4, 23. On August 20, 2018, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID) at 1. The initial decision stated it would become final on September 24, 2018, unless a petition for review was filed by that date. ID at 6.

The appellant filed an untimely petition for review on October 26, 2018, and a supplement to her petition for review on October 30, 2018, wherein she requests that the Board excuse her late filing. Petition for Review (PFR) File, Tabs 1-2. In a letter acknowledging the appellant's filings, the Office of the Clerk of the Board informed the appellant that her petition for review appeared to be untimely and that she could file a motion with the Board to accept her petition as timely or to waive the time limit for good cause. PFR File, Tab 3 at 1-2. The appellant filed a motion to waive her untimeliness in response. PFR File, Tab 4. The agency has filed a response urging, as relevant here, that the petition for review be dismissed as untimely filed. PFR File, Tab 6 at 4, 11-14.

## DISCUSSION OF ARGUMENTS ON REVIEW

To be timely, a petition for review must be filed within 35 days of the date of the initial decision's issuance or, if the appellant shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date she received the initial decision. 5 C.F.R. § 1201.114(e). As the party filing the petition for review, the appellant bears the burden of proof with regard to timeliness, which she must establish by preponderant evidence. *Perry v. Office of Personnel Management*, 111 M.S.P.R. 337, ¶ 5 (2009); 5 C.F.R. § 1201.114(e). The Board will excuse the late filing of a petition for review on a showing of

good cause for the delay. 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd per curiam*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Here, the administrative judge informed the appellant that the initial decision had a September 24, 2018 finality date, unless either party filed a petition for review by that date. ID at 6. The certificate of service reflects that, on August 20, 2018, notice of the initial decision was sent by email to the appellant, who was an e-filer. IAF, Tab 8 at 2, Tab 12. The appellant indicates that she received the initial decision on October 15, 2018. PFR File, Tab 1 at 3, Tab 2 at 9. However, as an e-filer, she is deemed to have received the initial decision on the date of electronic submission, August 20, 2018. ID at 1; *see Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.14(m)(2) (2018). Accordingly, she had until September 24, 2018, the 35th day following the issuance of the August 20, 2018 initial decision, to file a petition for review. ID at 6. The appellant electronically filed her petition for review on October 26, 2018, thirty-two days past the filing deadline. PFR File, Tab 1; *Parker v. Office of Personnel Management*, 80 M.S.P.R. 277, ¶ 3 (1998) (noting that a 1-month filing delay in filing a petition for review is significant). Thus, we find her petition for review was untimely filed and, despite her pro se status, the delay was not minimal. *See Tyrrell v. Department of Veterans Affairs*,

98 M.S.P.R. 153, ¶ 7 (2005) (finding that, notwithstanding an appellant's pro se status, his 40-day delay in filing his petition for review was not minimal).

In the appellant's supplement to her petition for review and her timeliness motion, she asserts that her petition for review was untimely filed due to technical difficulties with e-Appeal and due to medical treatment for a "slip and fall" accident on August 28, 2018. PFR File, Tab 2 at 9, Tab 4 at 4-5. Regarding the technical difficulties, the appellant alleges that she did not check her email until late September 2018, after the initial decision had become final, and when she attempted to access e-Appeal, she discovered she was locked out. PFR File, Tab 4 at 4-5. Again, the record reflects that she was notified by email at her address of record of the initial decision's issuance the day of its electronic submission, August 20, 2018. ID at 6. Further, as an e-filer, she was responsible for monitoring case activity at e-Appeal to ensure that she received all case-related documents. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 5 (2009); 5 C.F.R. § 1201.14(j)(3) (2018). Therefore, even if the appellant did not receive the initial decision until October 15, 2018, as she asserts, the delay was attributable to her own lack of due diligence in failing to monitor her case activity.

The appellant also alleges that she was unable to timely file her petition for review due to a slip and fall accident on August 28, 2018, which required her to attend therapy three times per week. PFR File, Tab 4 at 4-5. In support, she submits two medical reports dated October 10, 2018, which detail the results of the magnetic resonance imaging (MRI) of her spine that day. *Id*. at 7-11. To establish that an untimely filing was the result of an illness, the party must: (1) identify the time period during which she suffered from the illness; (2) submit medical evidence showing that she suffered from the alleged illness during that time period; and (3) explain how the illness prevented her from timely filing her appeal or a request for an extension of time. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998).

While the appellant states she had a slip and fall accident on August 28, 2018, she does not specifically explain why this treatment or her condition rendered her unable to file her petition for review or a request for an extension of time during the applicable time period. The medical evidence she has submitted shows that as of October 10, 2018, she suffered from multiple disc herniations, as well as back sprain and strain and other back conditions. PFR File, Tab 4 at 7-11. However, the medical evidence she provided does not show how her back conditions impacted her ability to perform daily activities or otherwise prevented her from filing her petition for review. *Id.* The fact that the appellant was receiving treatment and attending physical therapy three times a week is not good cause for her delay. PFR File, Tab 4 at 4; *Stibbe v. Government Printing Office*, 57 M.S.P.R. 5, 6-7 (1993) (finding that the demands of schooling and a physical therapy program did not constitute good cause for untimely filing a petition for review). Thus, the appellant has not demonstrated that her medical condition prevented her from timely filing her petition for review. *See Ortiz v. Department of Justice*, 103 M.S.P.R. 621, ¶ 23 (2006) (finding that a letter by the appellant's physician that the appellant suffered from depression and other conditions was insufficient to justify the entire 3-year delay in filing a petition for review when the letter failed to state that the appellant's severe condition was so severe that he could not file a petition or seek help to do so).In sum, we find that the appellant has not shown good cause for the untimely filing of her petition for review.[2] Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's involuntary retirement appeal.

---

[2] The appellant's arguments as to the merits of her appeal do not establish good cause for the untimely filing of her petition for review. PFR File, Tab 1 at 4-12; *see Wright v. Department of the Treasury*, 113 M.S.P.R. 124, ¶ 7 (2010) (finding that an appellant's arguments regarding the merits of her case did not establish good cause for her untimely filed petition for review).

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx


FOR THE BOARD:         *Gina K. Grippando*
                                   _____
                                   Gina K. Grippando
                                   Clerk of the Board

Washington, D.C.